IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

KING ANU MCCARTHY,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC., and

TRANS UNION LLC,

Defendants.

Civil Action # _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

I.    **PARTIES**

1.  Plaintiff is King Aun McCarthy, residing at 29 America St. Apt C, Charleston SC 29403.

2.  Defendant Equifax Information Services LLC is a credit reporting agency with its principal place of business in Atlanta, Georgia.

3.  Defendant Experian Information Solutions, Inc. is a credit reporting agency with its principal place of business in Costa Mesa, California.

4. Defendant Trans Union LLC is a credit reporting agency with its principal place of business in Chicago, Illinois.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S. § 1331, as it arises under federal law, specifically the Fair Credit Reporting Act (FCRA).

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.   STATEMENT OF FACTS

7. This action arises from a uniform and systemic failure by the three major national credit reporting agencies – Equifax, Experian, and Trans Union – to comply with the Fair Credit Reporting Act (FCRA). While each defendant is a separate entity, they fail to provide timely disclosures and to accurately update Plaintiff's legal name and personal information. Defendants have consistently failed to maintain accurate files, and despite being on notice of these errors, they have continued to profit by selling, disseminating, and reporting this obsolete, false, and prejudicial information to third parties, resulting in direct and ongoing harm to the Plaintiff.

8. As a direct result of the Defendants' continued reporting of this inaccurate and obsolete information, Plaintiff has been denied requests for increased credit from multiple financial institutions. These institutions specifically cited the inaccurate consumer information provided by Defendants as the basis for

these denials, thereby causing Plaintiff tangible financial harm and limiting Plaintiff's access to necessary financial resources.

**Facts Regarding Defendant Equifax Information Services LLC**

9. On January 10, 2026, Plaintiff submitted a formal Request for Consumer File Disclosure to Defendant Equifax Information Services LLC, which included comprehensive legal identification.

10. Defendant Equifax received this request on January 13, 2026, as evidence by the returned certified mail green card.

11. On January 14, 2026, Defendant Equifax requested additional identification, which Plaintiff provided in late January 2026.

12. Despite Plaintiff's provision of all required documentation, including a legal name change order, South Carolina driver's license, and Social Security card, Defendant Equifax failed to provide the requested consumer file.

13. Despite Plaintiff's efforts to provide requested identification, Defendant Equifax failed to provide the requested consumer report within the 30-day statutory window prescribed by the Fair Credit Reporting Act (FCRA).

14. On March 3, 2026, Plaintiff issued a formal follow-up demand to Defendant Equifax notifying them that the statutory window for disclosure had expired.

15. On April 24, 2026, Plaintiff submitted a formal complaint to Defendant Equifax regarding their failure to provide the consumer report, which was received by Defendant on April 29, 2026.

16. To date, Defendant Equifax has failed to perform the requested actions, including providing a full and accurate file disclosure and aligning Plaintiff's records with their full legal name, King Anu McCarthy.

17. This total delay of over 180+ days constitutes a direct violation of the disclosure mandates set forth by the FCRA.

**Facts regarding Defendant Experian Information Solutions, Inc.**

18. On January 10, 2026, Plaintiff submitted a formal Request for Consumer File Disclosure to Defendant Experian, which was received on January 20, 2026, as evidenced by the returned certified mail green card.

19. On February 7, 2026, Plaintiff submitted a formal dispute packet to Defendant Experian, identifying inaccuracies regarding a Xfinity Mobile account (Credence Resource Management #28723) and demanding the removal of non-legal aliases and inaccurate addresses.

20. Despite Plaintiff's provision of legal identification, Defendant Experian failed to resolve the account and address inaccuracies within the 30-day statutory window prescribed by the FCRA.

21. On March 22, 2026, Plaintiff issued a follow-up formal dispute packet notifying Defendant Experian that the statutory deadline had expired without a response and reasserting demands for corrections.

22. On April 14, 2026, Plaintiff submitted a formal Notice of Non-compliance and Intent to Escalate, detailing Defendant Experian's persistent reporting of an

incorrect name ("King Mccartthy") despite having been provided with court-ordered proof of the legal name "King Anu McCarthy."

23. In this same April 14, 2026, communication, Plaintiff also disputed an ATT U-Verse account (IC Systems INC # 18827) and, under protest, provided a second comprehensive set of verification documents.

24. To date, Defendant Experian has failed to perform the requested actions, including correcting Plaintiff's identity, removing inaccurate account information, and purging incorrect residential addresses.

25. The ongoing failure of Defendant Experian to maintain accurate records and comply with statutory disclosure requirements constitutes a direct and ongoing violation of the FCRA.

**Facts regarding Defendant Trans Union LLC**

26. On January 10, 2026, Plaintiff submitted a formal Request for Consumer File Disclosure to Defendant Trans Union LLC, which included comprehensive legal identification and was received by Defendant on January 14, 2026.

27. On January 28, 2026, Plaintiff submitted a comprehensive dispute and file "clean-up" request, demanding the removal of outdated addresses, phone numbers, and a consumer statement, while also disputing a T-Mobile account # (35388).

28. On March 12, 2026, Plaintiff submitted a second formal dispute packet acknowledging the deletion of the T-Mobile account but disputing new inaccuracies, specifically a Xfinity Mobile account (#28723) and an ATT U-Verse account (#18827), while reiterating demands for the removal of outdated personally identifiable information (PII).

29. On March 13, 2026, Plaintiff submitted a follow-up dispute packet reasserting demands for account verification and file accuracy regarding ongoing discrepancies.

30. On April 14, 2026, Plaintiff submitted a final Notice of FCRA Non-Compliance, which was received by Defendant on April 22, 2026, regarding Trans Union's continued failure to remove the outdated consumer statement and persistent reporting of falsified information.

31. In this final notice, Plaintiff specifically demanded a Method of Verification (MOV) regarding the disputed accounts.

32. To date, Defendant Trans Union LLC has failed to perform the requested actions, including providing a full and accurate file disclosure, updating Plaintiff's legal name, and purging all inaccurate residential and contact information.

33. The failure of Defendant Trans Union LLC to rectify these documented inaccuracies despite repeated formal notices constitutes an ongoing violation of the FCRA.

## IV. AMOUNT IN CONTROVERSY

34. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. This amount is based on the significant actual financial harm suffered by the Plaintiff due to the Defendants' repeated failure to comply with the FCRA, which resulted in denial of credit and access to necessary financial resources, as well as the statutory and punitive damages to which Plaintiff is entitled under 15 U.S.C. § 1681n.

## V. CLAIMS FOR RELIEF

**Count One: Failure to Comply with FCRA Disclosure Requirements (15 U.S.C. § 1681g)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants Equifax, Experian, and Trans Union each have a statutory obligation under 15 U.S.C. § 1681g to provide a consumer file disclosure upon proper request.

37. As detailed in the Statement of Facts, Plaintiff provided all necessary identification to each Defendant to satisfy disclosure requirements.

38. Each Defendant failed to provide the requested file disclosure within the 30-day statutory window, constituting a direct violation of 15 U.S.C. § 1681g.

**Count Two: Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy (15 U.S.C. § 1681e(b))**

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40. Under 15 U.S.C. § 1681e(b), a consumer reporting agency must follow reasonable procedures to assure maximum possible accuracy of the individual about whom the report relates.

41. Defendants have persistently reported an incorrect name, outdated residential addresses, and inaccurate account information despite being provided with court-ordered legal documentation to correct these errors.

42. The failure of the Defendants to update Plaintiff's information after being put on notice of these inaccuracies constitutes a failure to assure the maximum possible accuracy of Plaintiff's consumer file.

43. Furthermore, Defendants' refusal to remove a demonstrably obsolete and prejudicial consumer statement – which incorrectly describes Plaintiff's lifestyle from over twenty years ago – constitutes a failure to maintain accurate records, as it perpetuates outdated and irrelevant information that causes tangible harm to Plaintiff's creditworthiness.

44. Defendants' continued dissemination and monetization of this inaccurate and prejudicial information, despite actual notice of its falsity, demonstrates a business model that prioritizes the profit of data sales over the statutory mandate to maintain maximum possible accuracy.

**Count Three: Failure to Conduct a Reasonable Reinvestigation (15 U.S.C. § 1681i)**

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Upon receipt of Plaintiff's dispute packets, Defendants were required under 15 U.S.C. § 1681i to conduct a reasonable reinvestigation of the disputed items and to record the current status of the disputed information.

47. Defendants failed to conduct a reasonable reinvestigation, failed to provide a timely response, and failed to correct the inaccuracies after being formally notified by the Plaintiff.

48. This failure to perform the required reinvestigation has caused and continues to cause harm to the Plaintiff.

**Count Four: Failure to Provide Method of Verification (15 U.S.C. § 1681i(a)(6))**

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. Under 15 U.S.C. § 1681i, a consumer reporting agency must provide notice to the consumer of the results of a reinvestigation, including a description of the procedure used to determine the accuracy and completeness of the information.

51. Defendants failed to provide Plaintiff with any meaningful "Method of Verification" (MOV) describing how they verified the disputed accounts of why they continued to report inaccurate PII.

52. This omission prevents the Plaintiff from understanding the basis for the Defendants' refusal to correct the file and constitutes a procedural failure under the FCRA.

## Count Five: Willful Non-Compliance with the Fair Credit Reporting Act (15 U.S.C. § 1681n)

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54. The defendants' persistent refusal to update Plaintiff's legal name, purge known inaccurate residential addresses, and respond to multiple formal dispute packets over a period of 180+ days demonstrates a reckless disregard for the requirements of the FCRA.

55. Such conduct constitutes willful non-compliance with the Act, entitling the Plaintiff to actual damages, statutory damages, and punitive damages as provided by 15 U.S.C. § 1681n.

## Count Six: Failure to Provide Consumer File Disclosure Upon Request (15 U.S.C. § 1681g)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

57. Under 15 U.S.C. § 1681g, a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

58. As detailed in the Statement of Facts, Plaintiff provided all necessary identification to Defendant Equifax, which acknowledged receipt of said documentation and represented that the file had been updated.

59. Despite this acknowledgement, Defendant Equifax has failed and continues to fail to provide the actual consumer report to the Plaintiff.

60. This failure to provide the mandated disclosure, despite receiving all required verification, constitutes a direct and ongoing violation of the FCRA.

## VI.    PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendants, and grant the following relief:

62. **Mandatory Deletion and Correction:** An order compelling Defendants to immediately delete all inaccurate, obsolete, and unverifiable information from Plaintiff's consumer file, including but not limited to the items identified in Plaintiff's formal dispute notices, and to correct the Plaintiff's legal name across all records.

63. **Actual Damages:** Judgement against Defendants for actual damages in an amount equal to be determined at trial, as a result of the tangible financial harm suffered by the Plaintiff due to the denial of credit and the systemic failure of the Defendants.

64. **Statutory and Punitive Damages:** Judgement against Defendants for statutory and punitive damages for their willful and knowing non-compliance with the Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n.

65. **Costs and Fees:** An award of reasonable attorney's fees and/or all costs incurred in bringing this action, as permitted by the Fair Credit Reporting Act.

66. **Injunctive Relief:** An order enjoining Defendants from further dissemination or sale of the inaccurate and obsolete information identified in this complaint.

67. **Other Relief:** Such other and further relief as this Court deems just, equitable, and proper.

## VII.    CERTIFICATION AND CLOSING

68. Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint is not being presented for an improper purpose, is supported by existing law, and that the factual contentions have evidentiary support. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: 7/20, 2026.

Respectfully submitted,

King And McCarthy

29 America St. Apt C

Charleston, SC 29403

843-877-8484