UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| King Ann McCarthy,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC<br><br>Defendants. | ) | C/A No. 2:26-cv-02956-RMG-WSB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). ECF No. 1. This matter is before the Court on Plaintiff's Motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF Nos. 2; 8. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned recommends that the district court deny Plaintiff's Motions for leave to proceed *in forma pauperis*.

## BACKGROUND

On July 21, 2026, Plaintiff commenced this action seeking injunctive relief and money damages from Defendants under the FCRA. ECF No. 1. Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240) and Plaintiff's own version of the Form AO-240, which are construed as Motions for leave to proceed *in forma pauperis*. ECF Nos. 2; 8. Plaintiff's Motions indicate that Plaintiff receives take-home bi-weekly wages from a job with the Veterans Health Administration in the amount of $1,428.67 ($1,940.77

gross) per week and monthly disability income in the amount of $552.48 for a total monthly income of at least $3,409.82 (four weeks of take-home salary plus one month of disability benefits). ECF Nos. 2 at 2; 8 at 1. Plaintiff has a combined $1,213.88 in Plaintiff's checking and savings accounts. ECF Nos. 2 at 2; 8 at 2. Plaintiff's monthly bills include $1,500 for rent, $120 for electricity, $60 for water, $102 for cell phone, $480 for groceries ($240 bi-weekly), $20 for laundry, $150 for attorney fees, and $356 total for four credit card payments (with total credit card account balances of $10,846.31), totaling $2,788 in monthly expenses according to Plaintiff. *Id.* Plaintiff also indicates a financial obligation to return $2,600 to Plaintiff's mother for assistance in retaining an attorney. ECF Nos. 2 at 3; 2 at 2.

## STANDARD OF REVIEW

### Review and Liberal Construction of *Pro Se* Filings

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The Court's duty to liberally construe a pro se litigant's pleadings does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### Requirements to Proceed under 28 U.S.C. § 1915

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if they submit an affidavit containing a statement of their assets and demonstrates that they cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the *in forma pauperis*

statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Adkins v. E.I. Dupont de Nemours & Co*., 335 U.S. 331, 338–39 (1948). A plaintiff does not have to prove that they are "absolutely destitute to enjoy the benefit of the statute." *Id*. at 339. Instead, an affidavit to proceed *in forma pauperis* is sufficient if it states facts indicating that a plaintiff cannot afford to pay the filing fee. *Id.* at 339–40. However, "[a] Plaintiff who is not truly indigent may not proceed *in forma pauperis* simply to avoid all economic costs of commencing legal actions." *Fox v. S.C. Judicial Dep't*, C/A No. 2:16-cv-00209-RMG, 2016 WL 7469805, at *1 (D.S.C. Feb. 12, 2016).

**ANALYSIS**

A district court has the discretion to grant or deny an application to proceed *in forma pauperis*. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The Court must examine the information provided by a litigant in the financial affidavit. *See A&D Sec. Consultants v. Gray*, 481 F. App'x 63, 64 (4th Cir. 2012). As noted, a litigant is not required to show that they are completely destitute to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Dupont de Nemours & Co*., 335 U.S. 331, 339–40 (1948). Courts have found that it is sometimes difficult to decide applications under § 1915 because "there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976). In *Carter*, the court set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

> (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"

> (2) Is her access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute her last dollar, or render herself destitute, to prosecute her claim?

*Gallman v. Comm'r of Soc. Sec. Admin.*, C/A No. 1:22-cv-02838-RMG-SVH, 2022 WL 4825303, at *1–2 (D.S.C. Aug. 26, 2022), *R&R adopted by* 2022 WL 4808773 (D.S.C. Oct. 3, 2022) (citing *Carter*, 452 F. Supp. at 943).

As noted above, Plaintiff's take-home income well exceeds the monthly expenses, and Plaintiff has more than $500 in Plaintiff's financial accounts. As such, Plaintiff does not appear to be indigent and unable to pay the filing fee. This is so because Plaintiff's monthly income exceeds the listed expenses. Thus, Plaintiff must make decisions each month where to spend any extra money. It does not appear that Plaintiff would be rendered destitute by paying the filing fee of $405 or that Plaintiff would have to forego any basic human needs by paying the $405. Hence, Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944 (internal citation omitted). Requiring Plaintiff to pay the full filing fee of $405 would not bar Plaintiff from litigating the claims in the federal courts or impose an undue hardship upon Plaintiff. As the United States Court of Appeals for the Fourth Circuit has explained, requiring "economic decisions about filing lawsuits does not deny access to the courts .... [Persons] cannot file a lawsuit every time they suffer a real or imagined slight." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997).

Therefore, Plaintiff is not qualified to proceed *in forma pauperis*. *See, e.g., Cabbil v. United States*, C/A No. 1:14-cv-04122-JMC, 2015 WL 6905072, at *1 (D.S.C. Nov. 9, 2015) (denying leave to proceed *in forma pauperis* where movant had $1,500 in assets and no regular monthly expenses). Accordingly, based on a review of the discretionary factors listed above, the Court should deny Plaintiff's Motions to proceed *in forma pauperis*.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DENY** Plaintiff's Motions for leave to proceed *in forma pauperis*. ECF Nos. 2; 8. Should the district judge adopt this recommendation, it is recommended that Plaintiff be provided twenty-one (21) days to pay the full filing fee of $405.00 or the case will be dismissed.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

September 15, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).